**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 26-10776**

---

**SECURITIES AND EXCHANGE COMMISSION,**
*Plaintiff,*

and

**DLP REAL ESTATE CAPITAL, INC.; DLP WINTER HAVEN VENTURES, LLC; ORCHARD FARMS VENTURES, LLC; and MARINE CREEK VENTURES, LLC,**
*Movants-Appellees,*

v.

**TIMOTHY BARTON,**
*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION
No. 3:22-cv-02118-X (Hon. Brantley Starr)

---

# THE DLP ENTITIES' MOTION TO DISMISS THE APPEAL FOR LACK OF APPELLATE JURISDICTION

---

Michael D. Napoli
Bryce D. Pilawski
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
michael.napoli@akerman.com
bryce.pilawski@akerman.com

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

- Timothy Barton – Defendant-Appellant (pro se)
- Securities and Exchange Commission – Plaintiff
- DLP Real Estate Capital, Inc. – Movant-Appellee; DLP Real Estate Capital, Inc. has no parent corporation and no entity including any public company holds more than 10% of the shares in DLP Real Estate Capital, Inc.
- DLP Winter Haven Ventures, LLC – Movant-Appellee
- Orchard Farms Ventures, LLC – Movant-Appellee
- Marine Creek Ventures, LLC – Movant-Appellee
- Tamamoi, LLC – Appellee
- 3820 Illinois, LLC – Appellee
- Cortney C. Thomas – Court-appointed Receiver for the receivership estate in the underlying action (No. 3:22-cv-02118-X)
- DLP BCF Development I LLC – Delaware; majority member of each of Orchard Farms Ventures, LLC, Marine Creek Ventures, LLC, and DLP Winter Haven Ventures, LLC
- DLP Building Communities Fund LLC is the sole member of DLP BCF Development I LLC. No entity including any public company holds more than 10% of the membership interests in DLP Building Communities Fund LLC

- Akerman LLP (Michael D. Napoli; Bryce D. Pilawski) – counsel for the Movant–Appellees (the DLP Entities)
- Securities and Exchange Commission (Keefe M. Bernstein; Ezekiel L. Hill; David B. Reece) – counsel for Plaintiff
- Brown Fox PLLC (Charlene C. Koonce) – counsel for the Receiver

Counsel further certifies that the foregoing representations are complete to the best of counsel's knowledge after reasonable inquiry, and acknowledges a continuing duty under Federal Rule of Appellate Procedure 26.1 and Fifth Circuit Rule 28.2.1 to supplement this certificate promptly if additional interested persons or entities are identified.

*/s/ Michael D. Napoli*
Michael D. Napoli

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..... i

TABLE OF CONTENTS ..... iii

TABLE OF AUTHORITIES ..... iv

INTRODUCTION ..... 1

BACKGROUND ..... 2

A. The receivership and the DLP Entities' settlement with the Receiver. ..... 2

B. Barton's lis pendens and the order declaring them void. ..... 4

C. Barton's serial, sanction-warned appeals. ..... 5

ARGUMENT ..... 6

I. The Court Lacks Jurisdiction Because the Order Declaring the Lis Pendens Void Is a Non-Final, Non-Sale Administrative Order Outside Every *Netsphere* Category. ..... 6

A. The order is not a "final decision" under 28 U.S.C. § 1291. ..... 6

B. The order is not an appealable receivership order under 28 U.S.C. § 1292(a)(2). ..... 7

C. The collateral-order doctrine does not apply because the order is not a sale or distribution order ..... 8

D. Section 1292(a)(1) is likewise unavailable. ..... 9

II. This Appeal Is Another Installment in Barton's Well-Documented Pattern of Frivolous, Delay-Oriented Appeals. ..... 10

III. The Court Should Order Barton to Show Cause Why Costs and Damages Should Not Be Assessed Against Him Under Rule 38. ..... 12

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Belleair Hotel Co. v. Mabry*,
109 F.2d 390 (5th Cir. 1940) .......... 7

*Carson v. Am. Brands, Inc.*,
450 U.S. 79 (1981) .......... 10

*Catlin v. United States*,
324 U.S. 229 (1945) .......... 6

*Howard v. St. Germain*,
599 F.3d 455 (5th Cir. 2010) .......... 12

*In re Huffines Retail Partners, L.P.*,
978 F.3d 128 (5th Cir. 2020) .......... 9

*Martin v. Halliburton*,
618 F.3d 476 (5th Cir. 2010) .......... 6

*Netsphere, Inc. v. Baron*,
799 F.3d 327 (5th Cir. 2015) .......... 6, 7

*SEC v. Barton*,
135 F.4th 206 (5th Cir. 2025) .......... passim

*SEC v. Barton*,
170 F.4th 938 (5th Cir. 2026) .......... passim

*SEC v. Barton*,
79 F.4th 573 (5th Cir. 2023) .......... 3, 10

*SEC v. Barton*,
No. 25-10871, 2026 WL 1388717 (5th Cir. May 18, 2026) (per curiam) .......... 1, 2

*SEC v. Barton*,
No. 3:22-CV-2118-X, Doc. 852 (N.D. Tex. Aug. 11, 2026) .......... passim

*SEC v. Forex Asset Mgmt. LLC*,
242 F.3d 325 (5th Cir. 2001) .......... 8

*Sommers for Alabama & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*,
521 S.W.3d 749 (Tex. 2017) ........................................ 9

*Wark v. Spinuzzi*,
376 F.2d 827 (5th Cir. 1967) ........................................ 7

*Warren v. Bergeron*,
831 F.2d 101 (5th Cir. 1987) ........................................ 10

**Statutes**

28 U.S.C. § 1291 ........................................ 6

28 U.S.C. § 1292(a)(1) ........................................ 9, 10

28 U.S.C. § 1292(a)(2) ........................................ 7, 10

TEX. PROP. CODE § 12.007(a) ........................................ 4, 5

TEX. PROP. CODE § 13.004 ........................................ 9

**Rules**

Federal Rule of Appellate Procedure 38 ........................................ 2, 12, 13

# INTRODUCTION

This appeal should be dismissed for the same reason this Court has dismissed appeal after appeal in this receivership: it does not fall within the narrow set of interlocutory orders over which this Court has jurisdiction. Defendant/Appellant Timothy Barton ("Barton") appeals an order that declares two lis pendens void. *SEC v. Barton*, No. 3:22-CV-2118-X, Doc. 852 (N.D. Tex. Aug. 11, 2026) (attached as Exhibit A) (the "Order"). A lis pendens is a notice—nothing more—and an order voiding an unauthorized one is a correction of the public record. The Order does not appoint a receiver. The Order does not refuse to wind up a receivership. The Order does not approve a sale. Nor does it resolve any dispute regarding the property at issue. In short, the Order falls within none of the categories that this Court recognizes as subject to interlocutory review. This Court therefore lacks jurisdiction.

This appeal is not an isolated incident. It is the latest entry in a well-documented campaign of vexatious, delay-driven appeals by Barton. By this Court's count, Barton has filed thirteen receivership-related appeals in the past three years. *SEC v. Barton*, No. 25-10871, 2026 WL 1388717, at *2 (5th Cir. May 18, 2026) (per curiam) (attached as Exhibit B). Twice this Court has warned Barton about his conduct. *SEC v. Barton*, 170 F.4th 938, 946 n.8 ("*Barton III*"); *see also* Ex. B. Once it directed him to show cause. Ex. B at *2. And on August 5, 2026—just thirteen days before Barton filed this appeal—this Court told him in plain terms that he should "expect sanctions—not merely skepticism—if he pursues future frivolous appeals arising from this

receivership." *SEC v. Barton*, No. 25-10871 (5th Cir. Aug. 5, 2026) (unpublished order) (attached as Exhibit C). He filed this appeal anyway. Notice of Appeal (attached as Exhibit D).

The consequences of that conduct fall on the Movants–Appellees[1] (the "DLP Entities"), innocent third parties who bought property from an entity now in receivership, entered into a settlement regarding that property with the court-appointed receiver and have spent years trying to sell and/or finance land they already own. As the DLP Entities repeatedly advised the district court, Barton's lis pendens continue to deter title insurers, buyers, and lenders from transacting with the properties at issue here. DLP Entities' Emergency Mot. to Declare Lis Pendens Void at 4–5, *SEC v. Barton*, No. 3:22-CV-2118-X, Doc. 681 (N.D. Tex. Sept. 22, 2025) (attached as Exhibit E).

Enough is enough. The Court should dismiss this appeal for lack of jurisdiction and order Barton to show cause why damages and costs should not be assessed against him under Federal Rule of Appellate Procedure 38.

## BACKGROUND

### *A. The receivership and the DLP Entities' settlement with the Receiver.*

This case arises from a securities-fraud enforcement action the Securities and Exchange Commission brought against Timothy Barton and entities he controlled. *SEC v. Barton*, 135 F.4th 206, 213–14 (5th Cir. 2025) ("*Barton II*"). The district court placed

[1] Specifically, the "DLP Entities" include DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC.

Barton-controlled entities into receivership. After this Court vacated the first receivership, *see SEC v. Barton*, 79 F.4th 573 (5th Cir. 2023) ("*Barton I*"), the district court re-appointed the receiver. This Court affirmed. *Barton II*, 135 F.4th at 220.

Well before the SEC sued Barton, the DLP Entities purchased property from entities that are now receivership entities. In late 2021, Orchard Farms Ventures, LLC acquired approximately 100.223 acres in Tarrant County (the "Orchard Farms Property"), and Marine Creek Ventures, LLC acquired approximately 40.20 acres in Tarrant County (the "Marine Creek Property," and together, the "Properties"). As part of those purchases, the DLP Entities entered into various development agreements with the sellers. When disputes under those agreements later arose, the Receiver and the DLP Entities resolved them through a comprehensive settlement in December 2022, which the district court ratified. Order Granting Receiver's Mot. to Ratify Agreement with DLP Capital and Other DLP Entities, Doc. 109 (N.D. Tex. Dec. 21, 2022) (attached as Exhibit F). Under that settlement, the receivership entities released and quitclaimed all participating interests in the Properties, and the DLP Entities paid $750,000 to the receivership estate. *See id*.

After reappointing the receiver, the district court re-ratified the settlement. This Court affirmed the order reappointing the receiver but dismissed Barton's appeal of the order ratifying the DLP settlement for lack of jurisdiction. *Barton II*, 135 F.4th at 223-25 (explaining "the district court only ratified orders that approved the receiver's settlement of claims (none of which were sale orders."). Appellate review of the

receivership was exhausted when the Supreme Court of the United States denied certiorari on March 30, 2026. *See id.* (dismissing appeal for lack of jurisdiction), *cert. denied*, No. 25-465 (U.S. Mar. 30, 2026).

### *B. Barton's lis pendens and the order declaring them void.*

On July 31, 2024—nearly two years after the settlement, and while his appeal of the second receivership order was pending—Barton recorded two lis pendens against the Properties in the real property records of Tarrant County. Ex. E at 4 (¶ 8); *see also* Findings, Conclusions, & Recommendation of the U.S. Magistrate Judge at 1, Doc. 770 (N.D. Tex. June 22, 2026) (attached as Exhibit G). The lis pendens did not assert that Barton held title to, an interest in, or an encumbrance on the Properties. On their face, they purported only to "challenge the appointment of receiver" and to preserve rights in the very appeal he has now lost. Barton, individually, is not, and has never been, in either Property's chain of title.

The DLP Entities moved on an emergency basis to declare the lis pendens void. Ex. E. After extensive briefing and repeated requests for a ruling, the magistrate judge issued Findings, Conclusions, and a Recommendation that the motion be granted, concluding that the SEC's claims against Barton do not fall within the narrow circumstances in which Texas law permits a lis pendens, *see* TEX. PROP. CODE § 12.007(a), and that, by filing the lis pendens, Barton violated the district court's orders enjoining him from interfering with the Receiver's control over the receivership estate's property. Ex. G at 2–3. The magistrate judge further found that Barton's conduct was "a

continuation of a pattern of encumbering Receivership Property through the filing of lis pendens, which the District Judge has consistently declared void." *Id*. The district court adopted that recommendation and declared the lis pendens void. Ex. A at 3 (citing *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152 (5th Cir. 1988) (a lis pendens "not authorized by Texas statute" is "of no effect")). Barton then noticed this appeal.

### *C. Barton's serial, sanction-warned appeals.*

The order on appeal is one of many Barton has challenged. This Court has previously noted that Barton "has filed at least thirteen appeals arising from this receivership in the past three years," and that those appeals "have impacted the management of the receivership estate, significantly reduced funds potentially available to ultimate beneficiaries of the receivership, and expended court resources." Ex. C; *see also* Ex. B at *2. In *Barton II*, the Court dismissed Barton's appeals of non-sale administrative orders for lack of jurisdiction. 135 F.4th at 223–25. In *Barton III*, the Court again dismissed non-sale administrative appeals and warned that "[f]urther appeals from sale orders or non-sale administrative orders will be viewed with skepticism and will incur sanctions if deemed frivolous." 170 F.4th at 946 n.8. In a later appeal, the Court dismissed for lack of jurisdiction and directed Barton to show cause why sanctions should not issue. Ex. B at *2. And on August 5, 2026, the Court declined to impose sanctions that one time only because the appeal predated its warning—while making clear that, "[h]aving now received unmistakable notice, Barton should expect sanctions—not merely skepticism—if he pursues future frivolous appeals arising from

this receivership." Ex. C. Despite this clear warning, Barton nonetheless filed this appeal thirteen days later. *See* Ex. D.

## ARGUMENT

### I. The Court Lacks Jurisdiction Because the Order Declaring the Lis Pendens Void Is a Non-Final, Non-Sale Administrative Order Outside Every *Netsphere* Category.

Barton, as the appellant, "bear[s] the burden of establishing our appellate jurisdiction." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). He cannot carry it. The order he appeals is not a final decision, and it fits none of the interlocutory exceptions this Court has recognized in a receivership.

#### *A. The order is not a "final decision" under 28 U.S.C. § 1291.*

This Court's jurisdiction "generally extends only to 'final decisions' of a district court." 28 U.S.C. § 1291. A final decision is one that "end[s] the litigation on the merits and leave[s] nothing for the court to do but execute the judgment." *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331 (5th Cir. 2015) ("*Netsphere II*") (quotation omitted); *accord Catlin v. United States*, 324 U.S. 229, 233 (1945). The order declaring Barton's lis pendens void does no such thing. The SEC's enforcement action remains pending, the receivership continues under active supervision, and the "underlying … dispute that formed the original basis for th[e] litigation remains undecided." *Netsphere II*, 799 F.3d at 331. Because no final judgment has been entered, § 1291 supplies no jurisdiction.

### ***B. The order is not an appealable receivership order under 28 U.S.C. § 1292(a)(2).***

The only receivership-specific exception to the finality rule is 28 U.S.C. §1292(a)(2), and this Court has construed it narrowly. Section 1292(a)(2) permits interlocutory appeals *only* from "orders appointing receivers" or orders "refusing … to take steps to accomplish the purposes of [winding up receiverships]." *Netsphere II*, 799 F.3d at 331–34; *accord Barton II*, 135 F.4th at 223. The Court reached that reading by construing the verb phrase "refusing orders" to modify both infinitive phrases in the statute, consistent with "every circuit to squarely consider th[e] question," and with this Court's own pre-*Netsphere* precedent. *Netsphere II*, 799 F.3d at 332; *see Belleair Hotel Co. v. Mabry*, 109 F.2d 390 (5th Cir. 1940); *Wark v. Spinuzzi*, 376 F.2d 827 (5th Cir. 1967).

The order at issue here is neither. It does not appoint a receiver. And it does not "refus[e] … to wind up" the receivership or to take any step toward that end. It does the opposite of the orders § 1292(a)(2) reaches: it clears an improper cloud from title so that the receivership's beneficiaries can realize value. This Court has already applied *Netsphere II* to hold that materially identical orders—the district court's ratification of settlements and its administration of the estate—are "non-sale administrative orders" outside § 1292(a)(2). *Barton III*, 170 F.4th at 943–44; *Barton II*, 135 F.4th at 225 (no jurisdiction over "ratified orders that approved the receiver's settlement of claims (none of which were sale orders)"). An order voiding a lis pendens is *a fortiori* administrative.

### *C. The collateral-order doctrine does not apply because the order is not a sale or distribution order.*

Nor is the collateral-order doctrine available. This Court's cases leave exactly one collateral-order gateway open in a receivership: orders approving sales or distributions of receivership property. The rationale is finality—a completed sale makes the assets "likely unrecoverable" and the order "effectively unreviewable" on appeal from a final judgment. *Barton II*, 135 F.4th at 224–25; *SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 330–31 (5th Cir. 2001). That reasoning has no applicability here. An order declaring a lis pendens void is not a sale; it transfers nothing and distributes nothing. It merely removes a notice that Texas law never authorized and that clouded the DLP Entities' title. Nothing about it is "unrecoverable."

Barton cannot escape this conclusion by recharacterizing the order as a "functional disposition" of property. This Court considered and rejected precisely that argument in *Barton III*, where Barton contended that "*Barton II* did not categorically bar review of approvals that clear title by extinguishing claims and releasing lis pendens … i.e.[,] functional dispositions." 170 F.4th at 944 (quotation omitted). The Court held it lacked jurisdiction, explaining that such orders "d[o] not directly dispose of the property" and remain outside the collateral-order doctrine. *Id.* The rule of orderliness forecloses Barton from relitigating that holding now.

Three further points confirm the absence of collateral-order jurisdiction. *First*, the doctrine requires an order that "conclusively determine[s] the disputed question" and

"resolve[s] an important issue completely separate from the merits." *Barton II*, 135 F.4th at 224 (quotation omitted). A lis pendens is merely notice of an adverse claim to property. TEX. PROP. CODE § 13.004 ("A recorded lis pendens is notice to the world of its contents."). Voiding or expunging a lis pendens does not resolve the adverse claim. *Sommers for Alabama & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 756 (Tex. 2017). It is merely "a restoration of the chain of title free of the record notice of a potential claim of interest associated with the lis pendens." *Id*.

*Second*, the order is not "effectively unreviewable." To the extent Barton ever possessed a cognizable interest in the Properties—he does not—he could raise it on appeal from a final judgment. Because Barton "identifies no irreparable consequence requiring immediate review," the doctrine does not apply.

*Third*, this Court's own treatment of lis pendens disputes confirms that such orders do not qualify for interlocutory review. In *In re Huffines Retail Partners, L.P.*, this Court reviewed a district court's refusal to expunge void lis pendens notices—not on appeal, but on a petition for writ of mandamus. 978 F.3d 128, 134–35 (5th Cir. 2020). The Court granted the writ, holding that mandamus was the proper vehicle. *Id*. at 134.

### ***D. Section 1292(a)(1) is likewise unavailable.***

To the extent Barton invokes 28 U.S.C. § 1292(a)(1) by characterizing the order as an "injunction," that theory fails for the same reason it failed the last time he tried it. An order administering a receivership and clearing title is "not an injunction within the

meaning of § 1292(a)(1)"; it is a case management measure "not an equitable decree altering substantive rights." *See* Ex. B at *1–2. And Congress's creation of a specific receivership exception in § 1292(a)(2) "indicates that such orders are distinct from the injunctions covered by [§ 1292(a)(1)]." *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987). Even if the order carried some injunctive effect, interlocutory review would require a "serious, perhaps irreparable, consequence" that can be "effectually challenged" only by immediate appeal. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83–84 (1981). Barton can make no such showing; the order relieves a harm, it does not inflict one.

## II. This Appeal Is Another Installment in Barton's Well-Documented Pattern of Frivolous, Delay-Oriented Appeals.

The jurisdictional defect is not a technicality Barton innocently overlooked. It is the predictable result of a litigation strategy this Court has already diagnosed. Barton "has filed at least thirteen appeals arising from this receivership in the past three years," and his appeals "have impacted the management of the receivership estate, significantly reduced funds potentially available to ultimate beneficiaries of the receivership, and expended court resources." Ex. C; *see also* Ex. B at *2. The pattern is not disputed; it is judicially established.

The trajectory of those appeals tells the story. In *Barton I*, this Court vacated the first receivership and remanded. 79 F.4th 573. In *Barton II*, it affirmed the reconstituted receivership and preliminary injunction and dismissed Barton's appeals of

administrative orders for lack of jurisdiction; the Supreme Court denied certiorari. 135 F.4th at 220, 225, *cert. denied*, No. 25-465 (U.S. Mar. 30, 2026). In *Barton III*, this Court dismissed Barton's appeals of settlement and administrative orders—including orders touching title and lis pendens—and warned that "[f]urther appeals … will incur sanctions if deemed frivolous." 170 F.4th at 943–44, 946 n.8. In the next appeal, it dismissed for lack of jurisdiction and directed Barton to show cause on sanctions. And on August 5, 2026, it withheld sanctions only because that appeal predated its warning, cautioning that Barton "should expect sanctions—not merely skepticism—if he pursues future frivolous appeals arising from this receivership."

The record below situates this appeal squarely within that pattern. The magistrate judge found that Barton's lis pendens were "a continuation of a pattern of encumbering Receivership Property through the filing of lis pendens, which the District Judge has consistently declared void," and that Barton had encumbered the Properties "in violation of the Court's order" enjoining him from interfering with the Receiver's efforts to take control of Receivership Property. Ex. G at 2–3. This is not good-faith appellate advocacy. It is obstruction by serial filing.

Critically, the sole justification Barton ever offered for the lis pendens—that they preserved his appellate rights to the appointment of the Receiver—has been extinguished. This Court affirmed the receivership; the Supreme Court denied certiorari and denied rehearing. There is no live appeal the lis pendens could conceivably protect, and there is no colorable jurisdictional basis for this one. When "the result is obvious"

and "the arguments of error are wholly without merit," the appeal is frivolous. *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) (citation omitted). This appeal is both.

### III. The Court Should Order Barton to Show Cause Why Costs and Damages Should Not Be Assessed Against Him Under Rule 38.

Because Barton pursued this appeal after receiving "unmistakable notice" that further frivolous receivership appeals would draw sanctions, the DLP Entities respectfully request that the Court direct Barton to show cause why sanctions should not issue. Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may … award just damages and single or double costs to the appellee." This appeal presents the paradigm case. This Court dismissed a materially identical administrative appeal, warned Barton, directed him to show cause, and then told him he should "expect sanctions" for the next one. Barton filed the next one thirteen days later. The only reason the Court previously stayed its hand—that the earlier appeal predated its warning—is gone.

The equities powerfully favor a show cause order. The DLP Entities are not parties to the SEC's enforcement action; they are third-party purchasers who paid a court-appointed receiver to resolve a dispute regarding land they have owned since 2021 and have been trying to sell ever since. Barton's conduct has inflicted concrete, compounding harm. As the DLP Entities repeatedly advised the district court, the lis pendens forced the termination of a pending sale of the Marine Creek Property because the buyer could not obtain clean title, and left the sole remaining contract on the

Orchard Farms Property—extended solely to permit resolution of the lis pendens—at continuing risk of termination. That harm persists even now. Because of Barton's pending appeal, title insurers and prospective buyers/lenders remain hesitant to transact with the DLP Entities regarding the Properties. Each additional month of baseless appeal deters buyers and erodes value that the DLP Entities' settlement with the receiver was intended to protect.

A show cause order is a measured, well-precedented response. This Court issued one in Barton's prior appeal, and the record reflects the mounting toll of his filings on the receivership estate and on innocent third parties. Requiring Barton to justify this appeal (or bear the costs and damages it has caused) is precisely the remedy Rule 38 contemplates and precisely the step this Court forecast.

## CONCLUSION

For the foregoing reasons, the DLP Entities respectfully request that the Court (1) dismiss this appeal for lack of appellate jurisdiction, and (2) order Appellant Timothy Barton to show cause why just damages and costs should not be assessed against him under Federal Rule of Appellate Procedure 38. The DLP Entities further request all other relief to which they are justly entitled.

Dated: August 28, 2026

Respectfully submitted,

**AKERMAN LLP**

By: *\/s/ Michael D. Napoli*

Michael D. Napoli
Texas Bar No. 14803400
michael.napoli@akerman.com
Bryce D. Pilawski
Texas Bar No. 24143298
bryce.pilawski@akerman.com

2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

***Counsel for Movants–Appellees the DLP Entities***

## CERTIFICATE OF CONFERENCE

I certify that counsel for the DLP Entities conferred with the court-appointed Receiver, who does not oppose the relief requested, and with counsel for appellees, Tamamoi, LLC and 3820 Illinois, LLC, who do not oppose the relief requested. Counsel also attempted to confer with Appellant Timothy Barton, who proceeds pro se; Mr. Barton opposes the relief requested. Counsel further attempted to confer with counsel for the Securities and Exchange Commission but did not receive a response.

*/s/ Michael D. Napoli*
Michael D. Napoli

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Motion complies with Fed. R. App. P. 27(d)(2), because it contains 3,313 words, excluding the parts exempted by Rule 32(f). This Motion further complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R App. P. 32(a)(6) because it was prepared in 14-point Times New Roman typeface.

*/s/ Michael D. Napoli*
Michael D. Napoli

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel and parties of record.

*/s/ Michael D. Napoli*

Michael D. Napoli