# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK
By s/*KIMBERLY ROLLWITZ
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
August 12, 2026

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON et al., | § | |
| *Defendants*, | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge issued findings, conclusions, and recommendations (FCRs) in this case. (Docs. 770, 774, 775). The Court finds that two of the FCRs are duplicative and will address them as if they are one. (Docs. 770, 774). Defendant Timothy Barton (Barton) timely filed objections to the FCRs. (Docs. 788, 789). The Court conducts *de novo* review of those portions of the proposed findings, conclusions and recommendations to which objections was made. Arguments initially raised to the magistrate judge and reurged to this Court do not trigger *de novo* review.[1] The Court finds that Barton's objections lack merit.

First, these motions were properly before Magistrate Judge Rutherford. Judge Rutherford did not plainly err when she properly interpreted this Court's Order

[1] *Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992). *See also Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

referring these motions to her.[2] Whatever confusion the Clerk's Office entries may have caused Barton, Magistrate Judge Rutherford was not confounded and rightly understood the motions as referred to her. Moreover, Barton's lack of consent to a magistrate judge's disposition of a motion is irrelevant as parties' consent is not required to refer a motion to a Magistrate Judge.[3]

The administrative closure of this case similarly does not disturb the Magistrate Judge's jurisdiction.[4]

And while Barton did not attend Magistrate Judge Rutherford's hearing on these motions, Barton did file written responses to the motions and objections to Magistrate Judge Rutherford's Recommendations.[5] So Barton can hardly complain that he hasn't been heard.

Finally, as this Court has outlined in previous orders and as Magistrate Judge Rutherford correctly concluded, the SEC's claims against Barton do not fall within the narrow circumstances that Texas law permits a lis pendens notice.[6] And the

---

[2] Barton raised this argument before Magistrate Judge Rutherford. So it receives plain error review. *Id.*

[3] *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (magistrate judges properly enter a recommendation "despite a party's failure to consent to" the magistrate judge) (cleaned up); *Perkins v. Brewster*, 843 F. App'x 637, 638 (5th Cir. 2021).

[4] *See Fuentes v. Bell Helicopter Textron Inc.*, 2008 WL 11349995, at *1 (N.D. Tex. Jul. 14, 2008) (Means, J.).

[5] *See* Docs. 684, 788, 789.

[6] *See Petito v. Brewster*, 2008 WL 2446905, at *3 (N.D. Tex. June 18, 2008) (Lindsay, J.) (quoting *Flores v. Haberman*, 915 S.W. 2d 477, 478 (Tex. 1995)).

filing of a lis pendens notice unauthorized by Texas law has no effect.[7] Accordingly, the Court finds that Barton's lis pendens are void.

Barton's remaining procedural arguments are moot.

Having conducted a *de novo* review of Barton's objections and plain error review of those objections he previously raised, the Court **ACCEPTS** the FCRs of the United States Magistrate Judge. (Docs. 770, 774, 775). The Court **GRANTS** the motions to declare lis pendens void. (Doc. 681, 688).

**IT IS SO ORDERED** this 11th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[7] *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152 (5th Cir. 1988) ("When a lis pendens is not authorized under Texas law, the court need not follow the procedures prescribed by Tex. Prop. Code Ann. § 12.008 to cancel it.").