# EXHIBIT B

2026 WL 1388717
Only the Westlaw citation is currently available.
United States Court of Appeals, Fifth Circuit.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff—Appellee,
v.
Timothy BARTON, Defendant—Appellant.

No. 25-10871
|
Summary Calendar
|
FILED May 18, 2026

**Attorneys and Law Firms**

Ezekiel Levenson Hill, Securities and Exchange Commission, Washington, DC, Keefe Michael Bernstein, U.S. Securities & Exchange Commission, Fort Worth, TX, for Plaintiff—Appellee.

Timothy Barton, Carrollton, TX, Pro Se.

Appeal from the United States District Court for the Northern District of Texas, USDC No. 3:22-CV-2118

Before Richman, Southwick, and Willett, Circuit Judges.

**Opinion**

Per Curiam:[*]

***1** Timothy Barton, proceeding pro se, appeals a midstream administrative order entered in an ongoing receivership. This is one of many appeals Barton has filed concerning this receivership. Because Barton has not established appellate jurisdiction, we DISMISS his interlocutory appeal and do not reach the merits. And given both the obvious jurisdictional defect and Barton's repeated receivership-related appeals, we DIRECT Barton to SHOW CAUSE why sanctions should not be imposed.

I. JURISDICTION

Federal appellate jurisdiction generally extends only to "final decisions" of a district court. 28 U.S.C. § 1291. Final decisions are those that "end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Netsphere, Inc. v. Barton*, 799 F.3d 327, 331 (5th Cir. 2015) (cleaned up). There are, however, exceptions to the final-judgment rule, two of which are relevant here. The first exception covers orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions. 28 U.S.C. § 1292(a)(1). The second covers "orders appointing receivers, or refusing to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." *Id.* § 1292(a)(2).

We first consider whether § 1291 allows us to reach the merits of Barton's appeal. It does not. Barton contends that the modified receivership order is a "final decision." But the order he challenges did not end the litigation. *See Netsphere*, 799 F.3d at 331. Nor did it leave only execution of the judgment. *Id.* Rather, the district court merely modified the existing receivership order to require that Barton pre-clear grievances and complaints. That is an administrative measure designed to prevent both interference with the receivership and harassment of the receiver. Because the "underlying ... dispute that formed the original basis for th[e] litigation remains undecided," there is no final decision that confers jurisdiction under § 1291. *Id.*

Barton next argues that § 1292(a)(1) supplies jurisdiction because the district court's pre-clearance requirement operates as a "freestanding injunction" that restrains his conduct. But an administrative measure governing court supervision of the receivership and the conduct of the proceedings before it is not an injunction within the meaning of § 1292(a)(1). The pre-clearance requirement is a case-management tool that channels how Barton may present his grievances while the receivership remains in place—not an equitable decree altering substantive rights. Indeed, Congress's creation of a specific exception to the final-judgment rule in § 1292(a)(2) for receivership-related orders "indicates that such orders are distinct from the injunctions covered by [§ 1292(a)(1)]." *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987).[1]

***2** Even if the pre-clearance requirement carried the practical effect of an injunction, interlocutory review would still be unavailable. The Supreme Court has made clear that an order must have a "serious, perhaps irreparable, consequence" and be "effectually challenged" only on immediate appeal to trigger § 1292(a)(1). *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83–84 (1981) (citation omitted);

*see also* *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985) (same). Barton has made no such showing. Because he identifies no irreparable consequence requiring immediate review, § 1292(a)(1) does not confer jurisdiction.

Nor does the receivership-specific exception in § 1292(a)(2) allow for interlocutory review.[2] The modified receivership order merely added the pre-clearance requirement to protect the receivership and the receiver. It did not appoint a receiver or refuse to wind up the receivership. Nor did it involve the sale of receivership property. We recently emphasized the narrowness of § 1292(a)(2) in a different appeal filed by Barton. *See* *SEC v. Barton*, 170 F.4th 938, 943–44 (5th Cir. 2026) (finding no interlocutory jurisdiction under § 1292(a)(2) for "non-sale administrative orders related to the receivership"). Because the challenged order falls outside § 1292(a)(2)'s narrow grant of interlocutory review, we lack jurisdiction under § 1292(a)(2).

In sum, Barton challenges a midstream administrative ruling entered in the course of the district court's supervision of the receivership. Such an order is nonfinal and falls outside the relevant categories of interlocutory appellate review. Because Barton has not established any basis for our jurisdiction, we DISMISS his appeal.

II. SHOW CAUSE

We recently warned Barton that "[f]urther appeals from sale orders or non-sale administrative orders will be viewed with skepticism and will incur sanctions if deemed frivolous." *See* *Barton*, 170 F.4th at 946 n.8. True, this appeal was filed before that warning issued. But Barton did not withdraw it afterward. Nor is this appeal an isolated misstep. By our count, Barton has filed thirteen receivership-related appeals in the past three years. Against that backdrop, and given the settled limits on interlocutory review of non-sale receivership-administration orders, Barton must show cause why this appeal should not be deemed frivolous and why sanctions should not issue. *See* *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) ("An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." (citation omitted)); Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after ... notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

Under Federal Rule of Appellate Procedure 38 and our inherent authority, Barton is DIRECTED to SHOW CAUSE by letter on or before May 29, 2026 why sanctions should not be imposed. His response should address, among any other points he wishes to raise, whether this appeal is frivolous in light of the jurisdictional defects identified above, his repeated receivership-related appeals, and this court's prior warning that such appeals "have impacted the management of the receivership estate, significantly reduced funds potentially available to ultimate beneficiaries of the receivership, and expended court resources," *Barton*, 170 F.4th at 946 n.8.

* * *

***3** Accordingly, we DISMISS Barton's appeal for lack of jurisdiction and DIRECT Barton to SHOW CAUSE why sanctions should not be imposed.

**All Citations**

Not Reported in Fed. Rptr., 2026 WL 1388717

Footnotes

* This opinion is not designated for publication. See 5Th CIR. R. 47.5.

1 *See SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1333 (11th Cir. 2022) ("We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general § 1292(a)(1), which involves injunction-related orders of all stripes."); *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions.").

2 Barton did not assert this jurisdictional basis in his opening brief. Although "there is no need to explore jurisdictional bases the appellant does not address," *SCF Waxler Marine, L.L.C. v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018), *as revised* (Oct. 30, 2018) (cleaned up), Barton addresses § 1292(a)(2) in his reply.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.