U.S. COURT OF APPEALS
RECEIVED
Sep 09, 2026
FIFTH CIRCUIT

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 26-10776**

---

**SECURITIES AND EXCHANGE COMMISSION,**
*Plaintiff,*
and
**DLP REAL ESTATE CAPITAL, INC.; DLP WINTER HAVEN VENTURES, LLC;**
**ORCHARD FARMS VENTURES, LLC; and MARINE CREEK VENTURES, LLC,**
*Movants–Appellees,*
v.
**TIMOTHY BARTON,**
*Defendant–Appellant.*

---

On Appeal from the United States District Court for the
Northern District of Texas, Dallas Division
No. 3:22-cv-02118-X (Hon. Brantley Starr)

---

# APPELLANT TIMOTHY BARTON'S MOTION FOR LEAVE TO FILE HIS RESPONSE TO THE DLP ENTITIES' MOTION TO DISMISS ONE DAY OUT OF TIME

---

Timothy L. Barton
Defendant–Appellant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

– Timothy Barton – Defendant–Appellant (pro se);

– Securities and Exchange Commission – Plaintiff;

– DLP Real Estate Capital, Inc. – Movant–Appellee;

– DLP Winter Haven Ventures, LLC – Movant–Appellee;

– Orchard Farms Ventures, LLC – Movant–Appellee;

– Marine Creek Ventures, LLC – Movant–Appellee;

– Tamamoi, LLC – Appellee;

– 3820 Illinois, LLC – Appellee;

– Cortney C. Thomas – Court-appointed Receiver in the underlying action (No. 3:22-cv-02118-X);

– DLP BCF Development I LLC – identified by the Movants–Appellees as majority member of Orchard Farms Ventures, LLC, Marine Creek Ventures, LLC, and DLP Winter Haven Ventures, LLC;

– DLP Building Communities Fund LLC – identified by the Movants–Appellees as sole member of DLP BCF Development I LLC;

– Akerman LLP (Michael D. Napoli; Bryce D. Pilawski) – counsel for the Movants–Appellees;

– Securities and Exchange Commission (Keefe M. Bernstein; Ezekiel L. Hill; David B. Reece) – counsel for Plaintiff;

– Brown Fox PLLC (Charlene C. Koonce) – counsel for the Receiver;

– Spector & Cox, PLLC (Howard Marc Spector; Sarah M. Cox) – counsel for Tamamoi, LLC and 3820 Illinois, LLC.

*/s/ Timothy L. Barton*
Timothy L. Barton

## MOTION

Appellant Timothy Barton, proceeding pro se, moves under Federal Rules of Appellate Procedure 26(b) and 27 for leave to file his Response in Opposition to the DLP Entities' Motion to Dismiss the Appeal and to Their Request for an Order to Show Cause Under Rule 38 (the "Response"), which is tendered with this motion, one day after the response period expired. Barton asks the Court to accept the Response as filed on September 9, 2026.

### I. Background and the applicable deadline.

On August 28, 2026, the DLP Entities filed their Motion to Dismiss Appeal for Lack of Appellate Jurisdiction and Request for an Order to Show Cause Under Rule 38 (5th Cir. Dkt. 5) (the "Motion") and served it on Barton by electronic mail the same day.

A response to a motion is due within 10 days after service. Fed. R. App. P. 27(a)(3)(A). Counting under Rule 26(a)(1), the tenth day after August 28 was Monday, September 7, 2026. That day was Labor Day, a legal holiday, so the period ran to the end of Tuesday, September 8, 2026. Fed. R. App. P. 26(a)(1)(C), (a)(6). Because the Motion was served electronically, no additional days were added. Fed. R. App. P. 26(c). No order of this Court set a different response date, and Barton neither sought nor received an extension.

Barton submitted the Response to the Clerk on September 9, 2026, one day after the deadline.

## II. The reason for the delay.

The response period was calculated as fourteen days from service, rather than the ten days that Rule 27(a)(3)(A) provides. On September 9, 2026, the appellant recognized that the period was ten days and had expired on September 8, and submitted the Response the same day. The error was not deliberate.

## III. Good cause exists to accept the Response one day out of time.

Rule 26(b) provides that, for good cause, the Court "may permit an act to be done after [the prescribed] time expires." Fed. R. App. P. 26(b). A motion under Rule 26(b) is a procedural motion on which the Court may act at any time without awaiting a response. Fed. R. App. P. 27(b). In deciding whether to accept a late filing, courts weigh the danger of prejudice to the opposing party, the length of the delay and its effect on the proceedings, the reason for the delay and whether it was within the movant's control, and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

On balance, the circumstances support good cause. *First*, the delay is one day. *Second*, it causes no prejudice. No briefing schedule has issued, the DLP Entities' own Motion remains pending, and the DLP Entities retain their reply under Fed. R.

App. P. 27(a)(4). A one-day delay does not affect the Court's ability to decide the Motion promptly. *Third*, the reason for the delay is a miscalculation of the response period by a pro se litigant, not an effort to gain any advantage, and Barton submitted the Response as soon as he identified the error. *Fourth*, the Response is a single-ground opposition that addresses the jurisdictional question on published precedent the Motion does not cite; accepting it will allow the Court to decide a jurisdictional motion on a full presentation rather than by default.

Barton recognizes that this Court expects filings to be timely and that relief from a deadline is not automatic. He does not ask for additional time. He asks only that the Court accept a response that was one day late, for the reason stated.

## IV. Statement under Fifth Circuit Rule 27.4.

On September 9, 2026, Barton contacted counsel for the DLP Entities (Michael D. Napoli, Akerman LLP), counsel for the Securities and Exchange Commission (Keefe M. Bernstein), and counsel for Tamamoi, LLC and 3820 Illinois, LLC (Howard Marc Spector) by electronic mail to ask whether they oppose the relief requested in this motion. On September 9, 2026, counsel for the DLP Entities (Mr. Napoli) and counsel for Tamamoi, LLC and 3820 Illinois, LLC (Mr. Spector) each advised that their clients do not oppose the motion. As of its submission, counsel for the Securities and Exchange Commission had not

responded. Barton will promptly file a supplemental statement if the Commission states a position. *See* 5th Cir. R. 27.4.

**CONCLUSION**

Barton respectfully requests that the Court grant leave to file the Response tendered with this motion, direct the Clerk to file it as of September 9, 2026, and grant such other relief to which Barton may be justly entitled.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant–Appellant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Rule 32(f), it contains 759 words. It complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it was prepared in a proportionally spaced typeface, 14-point Times New Roman.

*/s/ Timothy L. Barton*
Timothy L. Barton

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2026, I electronically sent the foregoing with the Clerk of the Court and the clerk will file it using the CM/ECF system, which will serve all counsel and parties of record.

*/s/ Timothy L. Barton*
Timothy L. Barton