**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 26-10776**

---

U.S. COURT OF APPEALS
RECEIVED
Sep 09, 2026
FIFTH CIRCUIT

**SECURITIES AND EXCHANGE COMMISSION,**
*Plaintiff,*
and
**DLP REAL ESTATE CAPITAL, INC.; DLP WINTER HAVEN VENTURES, LLC;**
**ORCHARD FARMS VENTURES, LLC; and MARINE CREEK VENTURES, LLC,**
*Movants–Appellees,*
v.
**TIMOTHY BARTON,**
*Defendant–Appellant.*

---

On Appeal from the United States District Court for the
Northern District of Texas, Dallas Division
No. 3:22-cv-02118-X (Hon. Brantley Starr)

---

# APPELLANT TIMOTHY BARTON'S RESPONSE IN OPPOSITION TO THE DLP ENTITIES' MOTION TO DISMISS THE APPEAL AND TO THEIR REQUEST FOR AN ORDER TO SHOW CAUSE UNDER RULE 38

*(Tendered with Appellant's Motion for Leave to File Out of Time)*

---

Timothy L. Barton
Defendant–Appellant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

– Timothy Barton – Defendant–Appellant (pro se);

– Securities and Exchange Commission – Plaintiff;

– DLP Real Estate Capital, Inc. – Movant–Appellee;

– DLP Winter Haven Ventures, LLC – Movant–Appellee;

– Orchard Farms Ventures, LLC – Movant–Appellee;

– Marine Creek Ventures, LLC – Movant–Appellee;

– Tamamoi, LLC – Appellee;

– 3820 Illinois, LLC – Appellee;

– Cortney C. Thomas – Court-appointed Receiver in the underlying action (No. 3:22-cv-02118-X);

– DLP BCF Development I LLC – identified by the Movants–Appellees as majority member of Orchard Farms Ventures, LLC, Marine Creek Ventures, LLC, and DLP Winter Haven Ventures, LLC;

– DLP Building Communities Fund LLC – identified by the Movants–Appellees as sole member of DLP BCF Development I LLC;

– Akerman LLP (Michael D. Napoli; Bryce D. Pilawski) – counsel for the Movants–Appellees;

– Securities and Exchange Commission (Keefe M. Bernstein; Ezekiel L. Hill; David B. Reece) – counsel for Plaintiff;

– Brown Fox PLLC (Charlene C. Koonce) – counsel for the Receiver;

– Spector & Cox, PLLC (Howard Marc Spector; Sarah M. Cox) – counsel for Tamamoi, LLC and 3820 Illinois, LLC.

*/s/ Timothy L. Barton*
Timothy L. Barton

## INTRODUCTION

The DLP Entities ask this Court to dismiss the appeal as "another" appeal from a non-sale receivership-administration order and to direct Appellant Timothy Barton to show cause under Federal Rule of Appellate Procedure 38. Both requests rest on a mischaracterization of the order under review.

The order Barton appeals is not a case-management directive, a settlement approval, or an instruction to a receiver. It is an order declaring void recorded notices of *lis pendens* against, as relevant to the DLP Entities' motion, two identified tracts of Tarrant County real property: "the Court finds that Barton's lis pendens are void," and "[t]he Court GRANTS the motions to declare lis pendens void." Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge at 3, *SEC v. Barton*, No. 3:22-cv-2118-X (N.D. Tex. Aug. 11, 2026), ECF No. 852 (Mot. Ex. A) (the "Order"). The Order also granted a separate motion by Tamamoi, LLC and 3820 Illinois, LLC directed at a different property, ECF No. 688, and Barton's notice of appeal, ECF No. 865, encompasses both rulings. This response addresses the DLP Entities' motion; it does not narrow the appeal.

That matters because this Court's published precedent addresses precisely that category of order. In *Beefy King International, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972) (per curiam), this Court held that an order releasing real property

from a lis pendens "should be treated in the same manner as a denial, dissolution, or modification of an injunction," *id.* at 1104 (citing, *inter alia*, 28 U.S.C. § 1292(a)(1)), and is therefore immediately appealable. And in *United States v. Real Property Located at 1407 N. Collins Street*, 901 F.3d 268 (5th Cir. 2018), this Court reaffirmed *Beefy King* in a published opinion, explaining that "we have invoked § 1292(a)(1) to review an order releasing real property from a lis pendens," and that "an order releasing property from a lis pendens is immediately appealable under § 1292(a)(1)." *Id.* at 272–73.

The DLP Entities' motion—ninety-eight pages including exhibits—does not cite *Beefy King*. It does not cite *1407 N. Collins Street*. It nowhere acknowledges that a published, never-overruled line of this Court's precedent speaks directly to the jurisdictional question it asks the Court to decide. The motion instead argues from decisions involving materially different orders—settlement approvals, a litigation pre-clearance requirement, and receivership-administration directives—none of which was an order expressly adjudicating and declaring void a notice of lis pendens.

Barton limits this appeal to a single jurisdictional ground. He does not contend the Order is a final judgment under 28 U.S.C. § 1291; he does not invoke § 1292(a)(2); and he does not invoke the collateral-order doctrine. Jurisdiction rests on § 1292(a)(1) as construed in *Beefy King* and *1407 N. Collins Street*. Because that ground is supplied by published circuit precedent that the motion never confronts,

the appeal is not frivolous, and the request for a Rule 38 show-cause order should be denied.

The DLP Entities' motion was served by electronic mail on August 28, 2026. Under Fed. R. App. P. 27(a)(3)(A) and Fed. R. App. P. 26(a)(1)(C), (a)(6), the tenth day after service, September 7, 2026, was Labor Day, so the response period ran through September 8, 2026; no additional days accrue for service made electronically. Fed. R. App. P. 26(c). This response is tendered one day after that date. It is submitted with, and subject to, Barton's separate motion under Fed. R. App. P. 26(b) and 27 for leave to file it out of time, which states the reason for the delay.

## ARGUMENT

## I. THE COURT HAS APPELLATE JURISDICTION UNDER 28 U.S.C. § 1292(a)(1) BECAUSE THE ORDER RELEASED REAL PROPERTY FROM RECORDED NOTICES OF LIS PENDENS

### A. Published Fifth Circuit precedent holds that an order releasing real property from a lis pendens is immediately appealable under § 1292(a)(1).

Section 1292(a)(1) grants the courts of appeals jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or

refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). In *Beefy King*, the district court released real property from a lis pendens while the underlying suit remained pending, and the recording party appealed. 464 F.2d at 1103. This Court considered its jurisdiction and held that "the case should be treated in the same manner as a denial, dissolution, or modification of an injunction," *id.* at 1104, and proceeded to decide the appeal. The Court grounded that treatment in the practical operation of a lis pendens: "the effect of a lis pendens on the owner of property . . . is constraining," because "[f]or all practical purposes, it would be virtually impossible to sell or mortgage the property" while the notice remains of record. *Id.*

This Court reaffirmed that holding in a published opinion in 2018. In *1407 N. Collins Street*, the Court analyzed § 1292(a)(1) jurisdiction over orders concerning pretrial restraints on property, applying the "practical effect" framework of *Abbott v. Perez*, 138 S. Ct. 2305, 2319–20 (2018). 901 F.3d at 272. As to lis pendens, the Court explained: "we have invoked § 1292(a)(1) to review an order releasing real property from a lis pendens," citing *Beefy King*, and concluded that *Beefy King*'s constraint rationale "explains our conclusion . . . that an order releasing property from a lis pendens is immediately appealable under § 1292(a)(1)." *Id.* at 272–73. The Court then went further, holding that the same rationale reaches even orders *declining* to release property from a lis pendens: "[w]e conclude, therefore, that we also have jurisdiction to entertain Claimants' appeal as to the lis pendens." *Id.* at

273. The Court also closed off a reading that would confine *Beefy King* to Florida procedure. Noting that the Florida statute in *Beefy King* allowed courts to discharge a notice of lis pendens as they would dissolve an injunction, the Court explained that the statute "could not have grounded our jurisdictional conclusions in that case, as state law does not create federal court jurisdiction." *Id.* at 273 n.4.

Both decisions are published. Neither has been overruled by this Court sitting en banc or superseded by the Supreme Court. Under the rule of orderliness, they bind subsequent panels. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Barton does not overread these decisions. *Beefy King* took jurisdiction and then affirmed the release on the merits, 464 F.2d at 1104–05, and *1407 N. Collins Street* affirmed the restraint before it. Neither case holds anything about the validity of Barton's notices. They establish that an order of this kind belongs to the category this Court reviews before final judgment; whether the Order was correct is a question for the merits.

### B. The Order is an order releasing real property from lis pendens.

The Order does exactly what *Beefy King* and *1407 N. Collins Street* describe. It "finds that Barton's lis pendens are void" and "GRANTS the motions to declare lis pendens void. (Doc. 681, 688)." Order at 3. Its legal effect is not directed at how Barton litigates before the district court; it operates on the Official Public Records of Tarrant County, terminating recorded notices as against the world. The DLP

Entities' own motion describes the Order's function in precisely those terms: it removes the notices so that title insurers, buyers, and lenders will transact with the properties. Mot. 2, 12–13. An order whose acknowledged purpose and effect is to free real property from a recorded restraint so that it can be sold or financed is the release-from-lis-pendens order that *Beefy King* holds immediately appealable—not a housekeeping measure internal to the receivership docket.

Nor is the released restraint an abstraction. As Barton's objections below detailed, the lis pendens gave record notice of a live controversy over instruments recorded against the properties well before the receivership: Memoranda of Agreement recorded in January and March 2022 (Tarrant County Instrument Nos. D222022238 and D222061226), whose covenants recite on their face that they "shall be construed as covenants running with the land," and one of which the movants' own title commitment listed as an exception to title. Objections to the Findings, Conclusions, and Recommendation at 6–7, ECF No. 788; *see also* Mot. for Leave to File Suppl. Resp., ECF No. 763, Ex. A §§ II–IV (proposed supplemental response tendered with a motion for leave; the motion was later found moot, ECF No. 855). Whether those recorded interests survived the Receiver's settlement is a merits question, preserved below, that the Court need not decide on this motion. The point for jurisdiction is narrower: the Order adjudicated the validity of recorded notices concerning identified real property and declared them void. That is a direct

adjudication of recorded notices of claims to real property, not the channeling of litigation conduct. *Cf.* Tex. Prop. Code § 12.007.

### C. The prior decisions in this receivership involved different orders and never addressed—much less displaced—the lis pendens line of authority.

The motion's central theme is that this Court has already resolved this question against Barton. Mot. 6–10. It has not. None of the prior decisions reviewed an order expressly adjudicating and declaring void a notice of lis pendens, and none discussed *Beefy King* or *1407 N. Collins Street*, or § 1292(a)(1) as applied to such an order.

In *SEC v. Barton*, 135 F.4th 206 (5th Cir. 2025) ("*Barton II*"), the Court dismissed appeals from orders ratifying the Receiver's settlements—orders that "approved the receiver's settlement of claims (none of which were sale orders)." *Id.* at 225. In *SEC v. Barton*, 170 F.4th 938 (5th Cir. 2026) ("*Barton III*"), the Court again dismissed appeals from two settlement approvals. Candor requires acknowledging what Barton argued there: that *Barton II* "did not categorically bar review of approvals that clear title by extinguishing claims and releasing lis pendens for consideration—i.e. functional dispositions." *Id.* at 944. The Court rejected that argument because Barton did not identify the factual distinctions he relied on, and because each settlement resolved a claim held by a receivership entity and did "not directly dispose of property." *Id.* Barton does not renew that theory here. This appeal

is not from a settlement approval recast as a functional disposition of property. It is from a later, express ruling that adjudicated Barton's own recorded notices and declared them void, and the jurisdictional ground is the specific § 1292(a)(1) authority governing lis pendens orders—authority that neither *Barton II* nor *Barton III* cited or considered. *Barton III*'s own reasoning marks the line: a settlement approval operates on claims between the settling parties, and any consequence for the land records follows indirectly, whereas the Order operates on the recorded notices themselves.

The May 18, 2026 decision in No. 25-10871 calls for a more direct answer, because there the Court did consider and reject jurisdiction under § 1292(a)(1). The order under review modified the receivership order to require Barton to pre-clear grievances. Applying *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981), the Court held that the modification did not have the practical effect of an injunction warranting interlocutory review, describing it as "a case-management tool that channels how Barton may present his grievances while the receivership remains in place—not an equitable decree altering substantive rights." *SEC v. Barton*, No. 25-10871, 2026 WL 1388717, at *1 (5th Cir. May 18, 2026) (per curiam) (Mot. Ex. B). That holding is about that order. A pre-clearance directive regulates a litigant's conduct inside the case and, as the panel found, alters no substantive right. The Order here alters the state of the county land records outside the case. Nothing in

No. 25-10871 considered an order of that kind, and the panel had no occasion to address *Beefy King* or *1407 N. Collins Street*.

Because no prior decision in this receivership confronted an order expressly declaring notices of lis pendens void, or the published holdings that govern such an order, none could displace those holdings. The rule of orderliness runs in one direction here: later panels remain bound by *Beefy King* and *1407 N. Collins Street* unless and until the en banc Court or the Supreme Court holds otherwise. *Jacobs*, 548 F.3d at 378.

**D. The authorities the motion does cite do not close the gap.**

The motion's § 1292(a)(1) discussion, Mot. 9–10, rests on three points. None withstands examination.

*First*, the motion invokes *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987), for the proposition that Congress's enactment of § 1292(a)(2) indicates receivership orders are distinct from the injunctions covered by § 1292(a)(1). *Warren* addressed the appealability of receivership-administration orders as such; it does not speak to lis pendens orders. And it cannot bear the weight the motion places on it: *1407 N. Collins Street* post-dates *Warren* by three decades and applied § 1292(a)(1) to lis pendens and asset-restraint orders notwithstanding the presence of other statutory schemes governing the underlying restraints. The jurisdictional question does not turn on the label of the proceeding in which an order issues; it

turns on what the order does. What this Order does—release real property from recorded lis pendens—is what *Beefy King* addresses.

*Second*, the motion asserts that *In re Huffines Retail Partners, L.P.*, 978 F.3d 128 (5th Cir. 2020), "confirms that such orders do not qualify for interlocutory review" because relief there came by mandamus. Mot. 9. *Huffines* holds no such thing. The orders at issue there *denied* motions to expunge lis pendens—the mirror image of the Order here—and the opinion resolves the mandamus standards presented to it. It nowhere discusses § 1292(a)(1), *Beefy King*, or *1407 N. Collins Street*, and it contains no holding that appellate jurisdiction is unavailable. A 2020 panel could not have silently overruled a published 2018 decision in any event. *Jacobs*, 548 F.3d at 378. And *1407 N. Collins Street* itself extended § 1292(a)(1) to the denial-side posture *Huffines* involved. 901 F.3d at 273. Whatever tension may exist on the denial side is not presented here: the Order is a release order, squarely within *Beefy King*'s original holding.

*Third*, the motion invokes *Carson v. American Brands, Inc.*, 450 U.S. 79, 83–84 (1981), arguing that Barton cannot show a "serious, perhaps irreparable, consequence" remediable only by immediate appeal. Mot. 10. Barton accepts that *Carson* applies. As a matter of precedent, *1407 N. Collins Street* applied § 1292(a)(1) to lis pendens orders decades after *Carson*, under the modern practical-effect framework of *Abbott v. Perez*. Barton does not contend that the published holding

relieves him of the *Carson* showing. The motion tells the Court that, with the notices voided, the DLP Entities intend to sell or finance the properties promptly, and that "[e]ach additional month" of delay "deters buyers." Mot. 12–13. That urgency is the DLP Entities' interest, not proof of Barton's injury. An order that permits an irreversible conveyance before final judgment is the paradigm of an order that "can be 'effectually challenged' only by immediate appeal." *Carson*, 450 U.S. at 84.

The motion's rejoinder—that "the order relieves a harm, it does not inflict one," Mot. 10—assumes the merits. It is true only if the lis pendens were invalid, which is the question this appeal presents. Appellate jurisdiction does not turn on a preview of which side wins.

## II. THE REQUEST FOR A RULE 38 SHOW-CAUSE ORDER SHOULD BE DENIED

An appeal is frivolous "if the result is obvious or the arguments of error are wholly without merit." *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) (citation omitted). The result of a motion that never cites the controlling line of authority cannot be "obvious," and an argument that tracks published circuit precedent is not "wholly without merit," however the panel ultimately rules. Barton does not contend that published authority on the jurisdictional question immunizes the appeal as a whole. Rule 38 asks whether the appeal is frivolous, and it is not: the jurisdictional ground rests on published precedent.

Barton is mindful of this Court's August 5, 2026 order and of the warnings that preceded it, and this filing reflects that. This appeal does not reprise any theory this Court has rejected. Barton does not argue that the Order is a final judgment under § 1291. He does not invoke § 1292(a)(2), the ground rejected in *Barton II*, *Barton III*, and No. 25-10871. He does not invoke the collateral-order doctrine or the "functional disposition" theory rejected in *Barton III*, 170 F.4th at 944. He rests on one ground—§ 1292(a)(1) as applied to lis pendens release orders—that no prior decision in this receivership has addressed, because no prior appeal presented an order expressly declaring notices of lis pendens void. An appellant who narrows his position to a single, precedent-based ground responsive to the Court's guidance is doing what the August 5 order asked.

Candor requires noting that courts outside this Circuit have questioned *Beefy King*'s approach. *See, e.g.*, *Rosenfeldt v. Comprehensive Accounting Serv. Corp.*, 514 F.2d 607, 609–10 (7th Cir. 1975). That out-of-circuit disagreement confirms, rather than undermines, the point that matters under Rule 38: the question is one on which reasonable jurists have differed, and within this Circuit it is governed by published precedent favoring appealability. Invoking that precedent is ordinary appellate advocacy, not sanctionable conduct.

Finally, the equities the motion invokes cut both ways. The DLP Entities describe the commercial urgency of conveying the properties. Mot. 12–13. That

urgency is why immediate review exists for this category of order: if review is refused and the properties are conveyed while the merits go unexamined, the protection the notices afforded will be lost before any appellate court passes on the ruling that removed it. Asking this Court to decide whether it has jurisdiction—on precedent directly in point—before that happens is not obstruction. It is the orderly use of the one forum that can decide the question.

## III. RESERVATION AS TO MANDAMUS

If the Court concludes that § 1292(a)(1) does not reach the Order notwithstanding *Beefy King* and *1407 N. Collins Street*, Barton respectfully requests that any dismissal be without sanctions, for the reasons stated in Part II. Barton does not ask the Court to convert the notice of appeal or this response into a petition for a writ of mandamus. Mandamus requires its own showing under 28 U.S.C. § 1651 and Fed. R. App. P. 21, *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309–10 (5th Cir. 2008) (en banc); *Huffines*, 978 F.3d at 133–35 (granting mandamus in a lis pendens dispute), and Barton reserves the right to present that showing in a properly supported separate petition. Nothing in this response should be read as conceding that mandamus is unavailable or as waiving it.

## CONCLUSION

For the foregoing reasons, Appellant Timothy Barton respectfully requests that the Court (1) deny the DLP Entities' Motion to Dismiss the Appeal for lack of appellate jurisdiction; (2) deny the request for an order to show cause under Federal Rule of Appellate Procedure 38; and (3) if the Court concludes that it lacks jurisdiction, dismiss without sanctions and without prejudice to a separate petition for a writ of mandamus; and grant such other and further relief to which Barton may be justly entitled.

Dated: September 9, 2026

Respectfully submitted,

*<u>/s/ Timothy L. Barton</u>*
Timothy L. Barton
Defendant–Appellant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Rule 32(f), it contains 3,193 words. It complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it was prepared in a proportionally spaced typeface, 14-point Times New Roman.

*/s/ Timothy L. Barton*
Timothy L. Barton

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2026, I electronically sent the foregoing with the Clerk of the Court and the clerk will file it using the CM/ECF system, which will serve all counsel and parties of record.

*/s/ Timothy L. Barton*
Timothy L. Barton