**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 26-10776**

---

**SECURITIES AND EXCHANGE COMMISSION,**
*Plaintiff,*

and

**DLP REAL ESTATE CAPITAL, INC.; DLP WINTER HAVEN VENTURES, LLC; ORCHARD FARMS VENTURES, LLC; and MARINE CREEK VENTURES, LLC,**
*Movants-Appellees,*

v.

**TIMOTHY BARTON,**
*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION
No. 3:22-cv-02118-X (Hon. Brantley Starr)

---

# THE DLP ENTITIES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE APPEAL FOR LACK OF APPELLATE JURISDICTION

---

Michael D. Napoli
Bryce D. Pilawski
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
michael.napoli@akerman.com
bryce.pilawski@akerman.com

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. The Order here involves a receivership, and § 1292(a)(2) supplies the governing framework ........ 2

II. The proper vehicle for an order disposing of a Texas lis pendens is a writ of mandamus and not a direct appeal ........ 5

III. The Rule 38 Request Remains Warranted ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbott v. Perez*,
138 S. Ct. 2305 (2018) .... 7

*Barton II*,
135 F.4th 206 (5th Cir. 2025) .... 4

*Barton III*,
170 F.4th 938 (5th Cir. 2026) .... 4

*Beefy King International, Inc. v. Veigle*,
464 F.2d 1102 (5th Cir. 1972) .... passim

*Howard v. St. Germain*,
599 F.3d 455 (5th Cir. 2010) .... 9

*In re 2920 ER, L.L.C.*,
607 F. App'x 349 (5th Cir. 2015) .... 5

*In re Huffines Retail Partners, LP*,
978 F.3d 128 (5th Cir. 2020) .... 4, 5

*In re Miller*,
433 S.W.3d 82 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) .... 5

*In re Morton*,
460 F. App'x 385 (5th Cir. 2012) .... 5

*In re Saffady*,
524 F.3d 799 (6th Cir. 2008) .... 3

*Jacobs v. Nat'l Drug Intel. Ctr.*,
548 F.3d 375 (5th Cir. 2008) .... 4

*Khraish v. Hamed*,
762 S.W.2d 906 (Tex. App.—Dallas 1988, writ denied) .... 6

*Martin v. Halliburton*,
618 F.3d 476 (5th Cir. 2010) .... 2

*McLaughlin v. Miss. Power Co.*,
376 F.3d 344 (5th Cir. 2004) .......... 7

*Netsphere, Inc. v. Baron*,
799 F.3d 327 (5th Cir. 2015) .......... 4

*Orange Cnty. v. Hongkong & Shanghai Banking Corp.*,
52 F.3d 821 (9th Cir. 1995) .......... 8

*Rosenfeldt v. Comprehensive Accounting Serv. Corp.*,
514 F.2d 607 (7th Cir. 1975) .......... 8

*SEC v. Barton*,
No. 25-10871, 2026 WL 1388717 (5th Cir. 2026) .......... 2, 3, 9

*SEC v. Complete Business Solutions Group, Inc.*,
44 F.4th 1326 (11th Cir. 2022) .......... 3

*Sommers for Alabama & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*,
521 S.W.3d 749 (Tex. 2017) .......... 6

*United States v. Real Property Located at 1407 N. Collins Street*,
901 F.3d 268 (5th Cir. 2018) .......... passim

*Warren v. Bergeron*,
831 F.2d 101 (5th Cir. 1987) .......... 2, 3

*Werneke v. Seabury*,
720 S.W.2d 886 (Tex. App.—Fort Worth 1986, no writ) .......... 6

**Statutes**

18 U.S.C. § 981 .......... 3

18 U.S.C. § 985 .......... 3

28 U.S.C. § 1291 .......... 1

28 U.S.C. § 1292(a)(1) .......... passim

28 U.S.C. § 1292(a)(2) .......... passim

Fla. Stat. § 48.23(3) .......... 7

Tex. Prop. Code § 12.007 .......... 2, 3, 6, 8

Tex. Prop. Code, § 13.004(a) ........................................................................... 5

**Rules**

Federal Rule of Appellate Procedure 38 ........................................................... 9, 10

## INTRODUCTION

Barton's Response abandons every jurisdictional ground but one. Response at 2, 12. Those concessions narrow the case to a single question: whether an order declaring that two lis pendens were never authorized by Texas law—and therefore never had any legal effect—is an order "dissolving an injunction" under § 1292(a)(1). It is not.

The two decisions on which Barton now rests his entire appeal—*Beefy King International, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972) (per curiam), and *United States v. Real Property Located at 1407 N. Collins Street*, 901 F.3d 268 (5th Cir. 2018)—are distinguishable for three independent reasons: (1) the character of the order, (2) the relationship to the burdened property, and (3) the receivership-specific statutory structure that neither case confronted. As to each, Barton is on the wrong side.

Critically, neither *Beefy King* nor *1407 N. Collins Street* analyzed the issue in the context of a receivership. Despite Barton's conclusory assertion that these cases "address[] precisely [the] category of order" at issue here, both cases are clearly distinguishable on multiple independent grounds. Barton has not satisfied his burden of establishing appellate jurisdiction, and this Court should dismiss his appeal.

## ARGUMENT

In his Response, Barton expressly abandons § 1291 finality, § 1292(a)(2), the collateral-order doctrine, and the "functional disposition" theory. Response at 2, 12. Each concession is independently dispositive as to that ground. The Court need address only whether § 1292(a)(1) confers jurisdiction over an order declaring that lis pendens

were never authorized by Texas law. However, as this Court reminded Barton earlier this summer, Congress has already indicated that "receivership-related orders . . . are distinct from the injunctions covered by § 1292(a)(1)." *SEC v. Barton*, No. 25-10871, 2026 WL 1388717, at *1 (5th Cir. May 18, 2026) (per curiam) (citing *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987)) (cleaned up).

As the appellant, Barton "bear[s] the burden of establishing" jurisdiction. *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). He cannot carry it, and accordingly, his appeal should be dismissed.

## I. The Order here involves a receivership, and § 1292(a)(2) supplies the governing framework.

The Order at issue here arises from and is inextricably intertwined with the receivership below. This entire dispute arises out of a settlement between the Receiver and the DLP Entities. Barton disputed the settlement and appealed the order ratifying the settlement, which this Court dismissed for lack of jurisdiction. *See* Motion at 3-4. During the course of his appeal of the settlement and the receivership generally, Barton filed the lis pendens. Not to assert title to, an interest in, or an encumbrance upon the DLP Entities' property, but only to "challenge the appointment of receiver" and to preserve rights in the appeal of the receivership. Motion at 4. The magistrate judge found that the SEC's claims against Barton do not fall within the narrow circumstances in which Texas law permits a lis pendens, *see* Tex. Prop. Code § 12.007(a), and that, by filing the lis pendens, Barton violated the district court's orders enjoining him from

interfering with the Receiver's control over the receivership estate's property. *Id.* The magistrate judge further found that Barton's conduct was "a continuation of a pattern of encumbering Receivership Property through the filing of lis pendens, which the District Judge has consistently declared void." *Id.* at 5. The district court adopted the magistrate's findings.

Neither *Beefy King* nor *1407 N. Collins Street* involved a receivership. *Beefy King* was a fiduciary-duty suit against former corporate officers; *1407 N. Collins Street* was a civil forfeiture action under 18 U.S.C. §§ 981 and 985. Neither court had occasion to consider the interaction of §§ 1292(a)(1) and (a)(2). That interaction is dispositive here. Congress's creation of a receivership-specific exception in § 1292(a)(2) "indicates that such orders are distinct from the injunctions covered by [§ 1292(a)(1)]." *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987).

Less than four months ago, this Court considered and rejected § 1292(a)(1), holding that an order governing the receivership "is not an injunction within the meaning of § 1292(a)(1)" and is "not an equitable decree altering substantive rights." *SEC v. Barton*, 2026 WL 1388717, at *1. That panel relied on *SEC v. Complete Business Solutions Group, Inc.*, 44 F.4th 1326, 1333 (11th Cir. 2022) ("We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general § 1292(a)(1)"), and *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in § 1292(a)(1)

and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions.").

Barton's argument in connection with the rule of orderliness actually works against him. *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Neither *Beefy King* nor *1407 N. Collins Street* decided whether § 1292(a)(1) reaches an order declaring an unauthorized lis pendens void *in a receivership*. The receivership line did. *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331–34 (5th Cir. 2015); *Barton II*, 135 F.4th 206, 223–25 (5th Cir. 2025); *Barton III*, 170 F.4th 938, 943–44 (5th Cir. 2026). The specific and more recent receivership panels—which addressed this particular scenario—are binding, and neither *Beefy King* nor *1407 N. Collins Street* speaks to the contrary.

As the district court and this Court have found, Barton engages in these sorts of procedural tactics simply to derail the receivership. There is no actual merit to any of it. And all of it is designed to harass the Receiver and all those who deal with him. The Court should treat this latest appeal as yet another complaint by Barton as to the administration of the receivership and, as with the others, decline to hear it.

Even if the Court does not view the Order as inextricably intertwined with the administration of the receivership, § 1292(a)(1) still does not provide jurisdiction here.

## II. The proper vehicle for an order disposing of a Texas lis pendens is a writ of mandamus and not a direct appeal.

Most recently, this Court has held that lis pendens under Texas law are properly challenged by writ of mandamus. *In re Huffines Retail Partners, LP*, 978 F.3d 128, 135 (5th Cir. 2020) ("*Huffines*"). The *Huffines* court specifically held that the petitioners had no adequate remedy at law. *Id.* If a direct appeal were allowed, say for instance under § 1292(a)(1) as Barton urges, the petitioners would have had an adequate remedy at law. *In re 2920 ER, L.L.C.*, 607 F. App'x 349, 353 (5th Cir. 2015) (holding that mandamus was unavailable because the petitioner could have obtained review through an interlocutory appeal); *In re Morton*, 460 F. App'x 385, 387 (5th Cir. 2012) (same). As the *Huffines* court found that mandamus was appropriate, then a direct interlocutory appeal must not be available.

In determining that mandamus was the appropriate vehicle, the *Huffines* court looked to how Texas law treats lis pendens. It found that "Texas law specifically authorizes cancellation of improper notices by means of mandamus." *Huffines*, 978 F.3d at 134. Because "Texas courts have generally held the petitioners had no adequate legal remedy where a lis pendens is invalid," the *Huffines* court followed state law. *Id.* at 135.

The nature of a lis pendens under Texas law explains why there is no interlocutory appeal under § 1292(a)(1), which grants interlocutory appeals for orders granting or dissolving injunctions. A lis pendens under Texas law is not an injunction.

*In re Miller*, 433 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) ("Although [a lis pendens] does not prevent conveyance, it places a prospective purchaser on notice about the suit and the disputed title to the land."). It is merely "notice to the world of its contents." Tex. Prop. Code, § 13.004(a). A lis pendens puts a purchaser of real property on constructive notice that there is an adverse claim to the property. *Id.* at § 13.004(b); *Sommers for Alabama & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017) ("*Sommers*"). The purchaser is not prevented from purchasing the property but takes it subject to the adverse claim. The expungement of a lis pendens means only that the lis pendens ceases to provide constructive or actual notice of any matters contained within the lis pendens. Tex. Prop. Code, § 12.0071(f); *Sommers*, 521 S.W.3d at 756 (expungement of a lis pendens is merely "a restoration of the chain of title free of the record notice of a potential claim of interest associated with the lis pendens.").

Similarly, an order dissolving a lis pendens is not an injunction either. "Normally, an order cancelling notice of *lis pendens* cannot be construed as a temporary injunction." *Khraish v. Hamed*, 762 S.W.2d 906, 907 (Tex. App.—Dallas 1988, writ denied).

> An order granting or cancelling a notice of lis pendens is not in the form of an injunction. We recognize that the injunction and lis pendens statutes are co-equal, designed by the legislature to accomplish differing purposes. Lis pendens is designed merely to protect innocent buyers from purchasing land subject to litigation.

*Werneke v. Seabury*, 720 S.W.2d 886, 888 (Tex. App.—Fort Worth 1986, no writ) (rejecting argument that a lis pendens was akin to an injunction).

Because Texas law does not treat either a lis pendens or an order dissolving a lis pendens as an injunction, *Beefy King International, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972), decided under Florida law, is inapplicable. Florida law expressly directs courts to treat a lis pendens discharge as they would a dissolution of an injunction:

> When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens ***as the court may grant and dissolve injunctions***.

*Beefy King*, 464 F.2d at 1104 (quoting Fla. Stat. § 48.23(3)) (emphasis added). It was this specific statutory direction—to treat the discharge of a lis pendens "in the same manner as a denial, dissolution, or modification of an injunction"—that supplied the jurisdictional bridge to § 1292(a)(1). *Id.* Texas does not and, thus, the dissolution of a Texas lis pendens is not akin to the dissolution of an injunction.

Barton anticipates the Florida statute distinction by invoking footnote 4 of *1407 N. Collins Street*, which observed that the Florida statute "could not have grounded our jurisdictional conclusions in that case, as state law does not create federal court jurisdiction." 901 F.3d at 273 n.4. However, that footnote is narrower than Barton would prefer. It establishes only that state law cannot *confer* federal jurisdiction; it does not make state law *irrelevant* to whether the order had the practical effect of dissolving an injunction—which is the actual § 1292(a)(1) inquiry. *See Abbott v. Perez*, 138 S. Ct.

2305, 2319–20 (2018); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 352 (5th Cir. 2004) (per curiam). The DLP Entities do not contend that Texas law strips jurisdiction. Rather, Texas law resolves the threshold question of *what the Order did*—whether there existed any injunction-equivalent restraint to dissolve—and the answer is that there did not.

Other courts have distinguished *Beefy King* on similar grounds. *See, e.g.*, *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 827 (9th Cir. 1995) ("But *Beefy King* is prior to *Carson* and its tripartite test, and cites *Suess*, a case that does not hold that the expungement of a lis pendens is appealable under [§] 1292(a)(1)"); *Rosenfeldt v. Comprehensive Accounting Serv. Corp.*, 514 F.2d 607, 609 n.2 (7th Cir. 1975) (explaining *Beefy King* relied on the Florida lis pendens statute and a Seventh Circuit opinion that actually held "the cancellation of a notice of lis pendens is a final order appealable under [§] 1291, and **<u>not</u>** that it is in essence a modification or dissolution of a preliminary injunction, appealable under [§] 1292(a)(1).") (emphasis added).

Finally, Barton's reliance on *Beefy King* and *1407 N. Collins Street* presuppose that what Barton filed is a real lis pendens. As discussed above, a lis pendens is notice of a pending suit over title to or an encumbrance upon real property. A necessary requirement for a lis pendens is that such a suit exist. Tex. Prop. Code § 12.007(a). There is no such suit here. The underlying suit by the SEC alleges that Barton committed securities fraud. It has nothing to do with the property that the DLP Entities

acquired prior to the receivership. Nor does Barton claim that a dispute over the properties exists. The lis pendens he filed does not assert that one exists. It simply references Barton's appeal of the second order appointing the Receiver.

Whatever Barton filed, it was not what *Beefy King* was addressing. *Beefy King* held that a lis pendens is proper "only when the required relief might specifically affect the property in question" and recognized "no other justification for burdening the alienability of the property pending the outcome of the lawsuit." 464 F.2d at 1104. Barton's notices, on their face, purported only to "challenge the appointment of receiver"—not to assert title, an interest, or an encumbrance on the Properties. Motion at 4. *Beefy King* thus, if anything, condemns Barton's filings rather than authorizing his appeal.

## III. The Rule 38 Request Remains Warranted.

An appeal is frivolous "if the result is obvious or the arguments of error are wholly without merit." *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010). Barton argues that an appeal tracking published circuit precedent cannot be frivolous. But as demonstrated above, neither *Beefy King* nor *1407 N. Collins Street* decided the question presented here. Neither case involved an unauthorized lis pendens. Neither case involved a receivership. And neither case confronted the § 1292(a)(2) specificity argument. What does track is the receivership line, a significant portion of which has involved Barton directly as a party, and that line cuts squarely against Barton's Response.

The frivolousness of this appeal is measured not only by the obviousness of the jurisdictional defect but by the context in which it was filed. Barton has pursued at least thirteen receivership-related appeals in the past three years. *SEC v. Barton*, 2026 WL 1388717, at *2 (directing Barton to show cause under Rule 38 "given both the obvious jurisdictional defect and Barton's repeated receivership-related appeals"). Moreover, the magistrate judge in the District Court found that the lis pendens were "***a continuation of a pattern of encumbering Receivership Property***," filed "***in violation of the Court's order***" enjoining interference with the Receiver. Motion, Ex. G at 2–3 (emphasis added).

On August 5, 2026, this Court warned that "Barton should expect sanctions—not merely skepticism—if he pursues future frivolous appeals arising from this receivership." Motion, Ex. C at 2. The harm, moreover, is concrete: the lis pendens forced termination of a pending sale of the Marine Creek Property and left the sole remaining contract on the Orchard Farms Property at continuing risk. Motion at 13. As such, a show cause order is warranted.

## CONCLUSION

For the foregoing reasons, the DLP Entities respectfully request that the Court (1) dismiss this appeal for lack of appellate jurisdiction, and (2) order Appellant Timothy Barton to show cause why just damages and costs should not be assessed against him under Federal Rule of Appellate Procedure 38. The DLP Entities further request all other relief to which they are justly entitled.

Dated: September 16, 2026

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Michael D. Napoli*

Michael D. Napoli
Texas Bar No. 14803400
michael.napoli@akerman.com
Bryce D. Pilawski
Texas Bar No. 24143298
bryce.pilawski@akerman.com

2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

***Counsel for Movants–Appellees the DLP Entities***

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Reply complies with Fed. R. App. P. 27(d)(2)(C), because it contains 2,583 words, excluding the parts exempted by Rule 32(f). This Reply further complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R App. P. 32(a)(6) because it was prepared in 14-point Times New Roman typeface.

*/s/ Michael D. Napoli*
Michael D. Napoli

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel and parties of record.

*/s/ Michael D. Napoli*
Michael D. Napoli