U.S. COURT OF APPEALS
RECEIVED
Oct 03, 2026
FIFTH CIRCUIT

**No. 26-10776**

---

**United States Court of Appeals for the Fifth Circuit**

---

**SECURITIES AND EXCHANGE COMMISSION,**
*Plaintiff-Appellee,*
v.
**TIMOTHY L. BARTON,**
*Defendant-Appellant*

TAMAMOI, *L.L.C.; 3820 ILLINOIS, L.L.C.,*
*Interested Parties–Appellees,*

*MARINE CREEK VENTURES, L.L.C.; DLP REAL ESTATE CAPITAL, INCORPORATED; DLP WINTER HAVEN VENTURES, L.L.C.; ORCHARD FARMS VENTURES, L.L.C.,*
*Movants.*

Related District Court Case:
*SEC v. Barton, No. 3:22-CV-2118-X (N.D. Tex.)*
The Honorable Brantley Starr, United States District Judge

---

# APPELLANT TIMOTHY BARTON'S RESPONSE TO ORDER TO SHOW CAUSE UNDER FEDERAL RULE OF APPELLATE PROCEDURE 38

---

**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

Appellant Timothy Barton, proceeding pro se, respectfully responds to the order directing him to show cause why damages and costs should not be assessed under Federal Rule of Appellate Procedure 38. (Doc. 32.)

The Court dismissed this appeal for lack of appellate jurisdiction. (Doc. 29.) Barton does not seek reconsideration of that disposition through this response. He addresses the separate question identified in the show-cause order: whether the legal position advanced in this appeal warrants sanctions under Rule 38.

Barton requests that the Court discharge the show-cause order without sanctions. Before dismissal, his filed opposition identified a single jurisdictional theory supported by published Fifth Circuit lis-pendens decisions, expressly disclaimed other jurisdictional routes, and addressed the contrary receivership authorities. That contemporaneous analysis supplies an objective basis for distinguishing this unsuccessful appeal from a frivolous one.

## I. RULE 38 REQUIRES A SEPARATE DETERMINATION OF FRIVOLOUSNESS

Rule 38 permits an award of just damages and single or double costs after a determination that an appeal is frivolous, notice, and a reasonable opportunity to respond. An award remains discretionary. The objective inquiry asks whether "the result is obvious or the arguments of error are wholly without merit." Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988) (per curiam). Subjective good faith does

not immunize an objectively frivolous appeal, and improper purpose need not be proved. *Id.* at 811–14.

An adverse disposition does not itself establish frivolousness. In Valley Ranch Development Co. v. FDIC, 960 F.2d 550, 557 (5th Cir. 1992), this Court rejected the appeal but described it as "meritless but not frivolous" and declined sanctions. The relevant distinction is whether the legal position was arguable, not simply whether it prevailed. *Valley Ranch* further explained that a frivolous appeal is one "that relies on legal points that are not arguable on the merits." *Id.* (quoting *Lyons v. Sheetz*, 834 F.2d 493, 496 (5th Cir. 1987)).

Similarly, Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145, 151 & n.6 (5th Cir. 1992), dismissed an appeal for lack of jurisdiction while denying sanctions because the issue was "a serious one open to valid contention." Its sanctions discussion distinguished *Coghlan*, where the appellant "failed to argue any case law, made hardly any attempt to distinguish precedent relied upon by the district court, and offered no independent legal analysis." 967 F.2d at 151 n.6 (citing *Coghlan*, 852 F.2d at 809).

Barton cites *Road Sprinkler* solely for that separate sanctions analysis. Its consolidated-case finality rationale has been superseded by Hall v. Hall, 584 U.S. 59, 77–78 (2018), which held that final resolution of one constituent consolidated case permits immediate appeal even while another remains pending. Barton does not

rely on *Road Sprinkler* as current law governing consolidated-case appellate jurisdiction.

## II. THE FILED OPPOSITION PRESENTED A DEFINED AND SUPPORTED JURISDICTIONAL THEORY

Contemporaneous evidence of Barton's position is the opposition filed September 9, 2026, before dismissal. It expressly limited the jurisdictional theory to 28 U.S.C. § 1292(a)(1), as construed in *Beefy King* and *Collins Street,* and disclaimed reliance on § 1291, § 1292(a)(2), and the collateral-order doctrine. (Doc. 13 at 2.) References to Doc. 13 in this response use its printed page numbers. The Court's September 18 order also granted Barton's motion to file his response out of time. (Doc. 29 at 2.)

In Beefy King International, Inc. v. Veigle, 464 F.2d 1102, 1103–04 (5th Cir. 1972) (per curiam), this Court treated an order releasing property from a lis pendens as appealable under § 1292(a)(1), using the injunction analogy. It nevertheless affirmed the discharge of the notice. That distinction between reviewability and validity was directly relevant to Barton's attempted jurisdictional argument.

In United States v. Real Property Located at 1407 N. Collins Street, 901 F.3d 268, 272–73 & n.4 (5th Cir. 2018), this Court expressly explained *Beefy King*'s federal jurisdictional rationale and extended its reasoning to an order declining to release property from a lis pendens. It also explained that the Florida statute discussed in *Beefy King* could not itself create federal appellate jurisdiction. These

were concrete jurisdictional holdings, which Barton discussed in his filed opposition. (Doc. 13 at 4–5.)

Neither decision arose in the same receivership setting presented here. Barton's submission is that applying those decisions to an express order declaring recorded notices void presented an arguable question despite the contrary receivership authorities. He does not contend that every order mentioning a lis pendens is immediately appealable or that citation to favorable authority alone defeats Rule 38.

The opposition identified district-court ECF No. 852 as the order declaring the recorded notices void. It specified that the two Tarrant County tracts concerned the DLP Entities' motion, while the order also granted the separate motion concerning Tamamoi, LLC and 3820 Illinois, LLC. It expressly stated that the notice of appeal encompassed both rulings. (Doc. 13 at 1, 5–6.) Thus, the reference to two notices did not purport to describe the entire scope of the appeal. The operative order expressly states that "the Court finds that Barton's lis pendens are void" and grants the motions seeking that relief. (Dist. Ct. ECF No. 852 at 3; App. Doc. 5-2 at 4.) That operative relief was the feature Barton attempted to bring within *Beefy King* and *Collins Street* in his filed opposition.

The filed opposition also identified pre-receivership Memoranda of Agreement recorded under Tarrant County Instrument Nos. D222022238 and

D222061226, described their covenants running with the land, and stated that one appeared as an exception in the movants' title commitment. It cited Barton's district-court objections and separately identified proposed supplemental material as tendered with a motion for leave later found moot. (Doc. 13 at 6.) This response relies on that passage as evidence of the position actually advanced; it does not characterize the proposed supplement as admitted evidence or assert that an entity's property interest automatically belonged to Barton individually.

DLP disputed whether the notices asserted a qualifying interest and whether any underlying rights survived settlement. Barton's opposition treated survival of the identified recorded interests as a merits question. (Doc. 13 at 6.) The present response does not ask the Court to decide that dispute. The pertinent point is that Barton identified the instruments and explained why he believed an express ruling invalidating the notices fell within the published lis-pendens decisions. His position was more specific than a general assertion that receivership orders are appealable.

## III. THE OPPOSITION ADDRESSED ADVERSE AUTHORITY AND THE PRIOR WARNING

Barton acknowledges the decisions restricting interlocutory review of receivership administration. Warren v. Bergeron, 831 F.2d 101, 103 (5th Cir. 1987), distinguishes receivership orders from injunctions under § 1292(a)(1). The June 3 decision in SEC v. Barton, No. 25-11043, slip op. at 5–7 (5th Cir. June 3, 2026) (per curiam) (unpublished), applied that distinction to an order lifting a receivership stay

to permit bankruptcy proceedings. The present response does not dismiss that reasoning because the decision is unpublished.

The filed opposition addressed *Warren* and attempted to distinguish receivership administration from an express adjudication of recorded notices. (Doc. 13 at 9–10.) It also confronted the settlement-approval holdings in SEC v. Barton, 135 F.4th 206, 223–25 (5th Cir. 2025), and SEC v. Barton, 170 F.4th 938, 943–44 (5th Cir. 2026). It acknowledged that the latter decision rejected a title-clearing and lis-pendens argument concerning settlement approvals. The distinction advanced here concerned a later express ruling declaring the recorded notices themselves void. (Doc. 13 at 7–8.)

The opposition separately addressed the grievance pre-clearance ruling in SEC v. Barton, No. 25-10871, slip op. at 2–3 (5th Cir. May 18, 2026) (per curiam) (unpublished), and distinguished that case-management directive from an order operating on recorded notices. (Doc. 13 at 8–9.) The May 18 decision also held that, even assuming injunctive effect, Barton had not shown the serious or irreparable consequence requiring immediate review under Carson v. American Brands, Inc., 450 U.S. 79, 83–84 (1981).

The filed opposition expressly accepted that *Carson* applied and that the published lis-pendens decisions did not relieve Barton of its required showing. It then argued that conveyance before final judgment could eliminate the protection of

the recorded notices before effective review, citing the movants' stated intention to sell or finance the properties promptly. (Doc. 13 at 10–11; see also id. at 12–13.) This response identifies that contemporaneous answer without treating the asserted injury as an established fact or asking the Court to reconsider whether the showing was sufficient.

The opposition also answered DLP's reliance on In re Huffines Retail Partners, L.P., 978 F.3d 128 (5th Cir. 2020), by explaining that its use of mandamus did not expressly resolve the § 1292(a)(1) theory advanced under *Beefy King* and *Collins Street*. (Doc. 13 at 10.) Barton requests no mandamus relief through this response.

These distinctions did not secure appellate jurisdiction. They nevertheless demonstrate that Barton identified and addressed the adverse authorities before dismissal. He relies on that analysis to answer Rule 38, without asking the Court to revisit the jurisdictional disposition.

Barton acknowledges the Court's prior warnings, including *SEC v. Barton*, 170 F.4th 938, 946 n.8 (5th Cir. 2026), and the August 5, 2026 order. (Doc. 5-4 at 2–3.) He recognizes that the present notice of appeal was filed on August 18, 2026, after that warning, and does not rely on the timing consideration underlying the Court's earlier decision to decline sanctions. (Doc. 5-5 at 2.) Nor does he contend that pro se status excuses a frivolous appeal. The warning must be considered

together with this appeal's particular legal basis. The filed opposition responded by identifying the limited § 1292(a)(1) theory and distinguishing the earlier orders. (Doc. 13 at 12.)

DLP's characterization of this appeal as materially identical to earlier appeals should therefore be assessed against that contemporaneous explanation. Barton does not rely on the absence of a warning or ask the Court simply to repeat its earlier leniency. He asks the Court to determine whether this particular attempted application of published lis-pendens authority was objectively frivolous, taking account of the adverse receivership cases and the distinctions actually presented.

## IV. THE COURT SHOULD DECLINE A MONETARY AWARD

Barton's position rests on objective legal arguability, supported by the filed opposition. He identified the precise order, confined his jurisdictional theory, cited published authority, and supplied a developed distinction addressing contrary precedent. He respectfully submits that this record does not warrant Rule 38 sanctions and asks the Court to exercise its discretion against an award.

Separately, even if the Court concludes that the jurisdictional argument was objectively frivolous, Barton respectfully requests that it exercise its discretion to decline a monetary award, considering the limited theory and contemporaneous legal analysis described above. This alternative request does not concede frivolousness.

Barton does not concede that DLP's allegations concerning the terminated Marine Creek sale and the threatened Orchard Farms contract establish compensatory losses caused by this appeal. Any request for compensatory damages should identify the timing and causal basis of the alleged loss and distinguish it from effects attributed to the recorded notices or earlier proceedings. (Doc. 5-1 at 12–13 [printed pagination].) Without conceding entitlement to any award, Barton alternatively requests an opportunity to respond to any proposed amount and supporting materials before an award is fixed. Any request for compensatory relief should identify the claimed loss or expense attributable to this appeal, its supporting evidence, and any overlap with amounts sought or recovered elsewhere. Barton preserves his objections to entitlement, causation, reasonableness, allocation, and duplication. This request does not concede DLP's asserted losses or their causal connection to this appeal, and does not suggest that Rule 38 relief is categorically limited to itemized attorney's fees.

## CONCLUSION

Appellant Timothy Barton respectfully requests that the Court discharge its show-cause order without assessing damages, attorney's fees, or single or double costs as sanctions under Federal Rule of Appellate Procedure 38. Alternatively, even if the Court finds the appeal frivolous, Barton respectfully requests that it exercise its discretion to decline a monetary award. If the Court determines that an award is

warranted, Barton requests an opportunity to respond to the proposed amount and supporting materials before the award is fixed.

Dated: October 3, 2026

Respectfully submitted,

***/s/ Timothy L. Barton***

**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF SERVICE

I certify that on October 3, 2026, I served the foregoing response on all parties and participating movants through their counsel of record via CM/ECF.

*/s/ Timothy L. Barton*
Timothy L. Barton

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,044 words, excluding the portions exempted by Rule 32(f).

This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using 14-point Times New Roman.

*/s/ Timothy L. Barton*
Timothy L. Barton