U.S. COURT OF APPEALS
RECEIVED
Oct 21, 2026
FIFTH CIRCUIT

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 26-10776**

---

**SECURITIES AND EXCHANGE COMMISSION,**
*Plaintiff,*

and

**DLP REAL ESTATE CAPITAL, INC.; DLP WINTER HAVEN VENTURES, LLC; ORCHARD FARMS VENTURES, LLC; and MARINE CREEK VENTURES, LLC,**
*Movants-Appellees,*

v.

**TIMOTHY BARTON,**
*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION
No. 3:22-cv-02118-X (Hon. Brantley Starr)

---

# THE DLP ENTITIES' REPLY TO APPELLANT'S RESPONSE TO THE ORDER TO SHOW CAUSE UNDER FEDERAL RULE OF APPELLATE PROCEDURE 38

---

Michael D. Napoli
Bryce D. Pilawski
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
michael.napoli@akerman.com
bryce.pilawski@akerman.com

The question is not whether Barton's appeal failed—it did—but whether he should have known better—he should have. This Court told him so in writing, twice, before he filed. Barton's Response to the Show Cause Order (Doc. 35) fails to establish that this appeal was anything other than one the Court warned him not to file. The DLP Entities now ask to be made whole for the cost of answering it.

## I. Barton concedes that his own authorities address lis pendens outside the receivership context.

Barton rests his entire argument on *Beefy King International, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972) (per curiam), and *United States v. Real Property Located at 1407 N. Collins Street*, 901 F.3d 268 (5th Cir. 2018). He then concedes the key point: "[n]either decision arose in the same receivership setting presented here." Resp., 5. That concession matters because the receivership setting is not a detail of these cases—it is the source of the rule that governs them.

*Beefy King* was a fiduciary duty suit against former corporate officers, and its treatment of a discharge order as the equivalent of dissolving an injunction followed a Florida statute that expressly told courts to address a lis pendens "as the court may grant and dissolve injunctions." 464 F.2d at 1104 (quoting Fla. Stat. § 48.23(3)). *Collins Street* was a civil forfeiture action in which the United States recorded notices under 18 U.S.C. § 985. Neither court had occasion to consider what Congress accomplished by enacting a receivership-specific exception in § 1292(a)(2), which "indicates that such

orders are distinct from the injunctions covered by" § 1292(a)(1). *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987).

Four months before Barton filed this appeal, a panel of this Court applied that very principle to another appeal by Barton and held it was "not an injunction within the meaning of § 1292(a)(1)." *SEC v. Barton*, No. 25-10871, 2026 WL 1388717, at *1 (5th Cir. May 18, 2026) (per curiam). Barton cannot reasonably treat two non-receivership decisions as leaving the question open.

**II. Barton's lis pendens notices were meritless.**

Barton asks the Court to assess frivolousness without reference to the merits of his appeal. The Court should decline that invitation. Barton's arguments in favor of his lis pendens were and remain frivolous.

A lis pendens may be filed only in an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. Tex. Prop. Code § 12.007(a). Moreover, "only a party to the action *who is seeking affirmative relief* may file a lis pendens." *In re Jamail*, 156 S.W.3d 104, 107 (Tex. App. – Austin 2004, orig. proceeding) (emphasis in original). Barton satisfies neither requirement. The underlying suit is an SEC action alleging securities fraud by Barton in which Barton has pursued no affirmative relief against the DLP Entities.

The sole justification Barton gave for the notices—preserving his challenge to the receivership—is invalid. *See, e.g., In re Huffines Retail Partners*, 978 F.3d 128, 133

(5th Cir. 2020) (mandamus case holding that dispute over ownership of entity holding real property was not a dispute over title requiring that lis pendens be dissolved); *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152 (5th Cir. 1988) (holding that dispute over conveyance of property under a bankruptcy plan of reorganization i.e., whether the estate was empowered to sell the property, was not a dispute over title rendering lis pendens improper). In any event, Barton no longer has a challenge to the receivership. This Court affirmed the receivership and the Supreme Court denied certiorari on March 30, 2026. *SEC v. Barton*, 135 F.4th 206 (5th Cir. 2025), cert. denied sub nom. *Barton v. SEC*, 2026 WL 858414 (U.S. Mar. 30, 2026), reh'g denied, 2026 WL 1463202 (May 26, 2026).

The district court found that the SEC's claims fall outside the narrow circumstances in which Texas law permits a lis pendens, that Barton recorded the notices in violation of the order enjoining interference with the Receiver, and that his conduct was "a continuation of a pattern of encumbering Receivership Property through the filing of lis pendens, which the District Judge has consistently declared void." Doc. 5-8 at 2-3. The district judge reviewed Barton's objections *de novo*, found them without merit, and held the notices void as unauthorized. Doc. 5-2 at 3. There is no good faith argument in favor of reversing this ruling.

Rule 38 exists for precisely this appeal: one with an obvious jurisdictional defect and no merit, filed by a litigant who had been told in plain terms that the next one would draw sanctions. The DLP Entities did not choose this fight. They bought land in

2021, paid the Receiver $750,000 to resolve any dispute over it, and have since spent years and substantial fees defending against Barton's lis pendens which are objectively frivolous.

ACCORDINGLY, the DLP Entities respectfully request that the Court decline to discharge the show cause order, find that Barton's appeal was frivolous, and award them the just damages and costs that Rule 38 permits, including the attorneys' fees they were forced to incur in defending this appeal.

Dated: October 21, 2026

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Michael D. Napoli*

Michael D. Napoli
Texas Bar No. 14803400
michael.napoli@akerman.com
Bryce D. Pilawski
Texas Bar No. 24143298
bryce.pilawski@akerman.com

2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339

***Counsel for Movants–Appellees the DLP Entities***

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Reply complies with Fed. R. App. P. 27(d)(2)(C), because it contains 864 words, excluding the parts exempted by Rule 32(f). This Reply further complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R App. P. 32(a)(6) because it was prepared in 14-point Times New Roman typeface.

*/s/ Michael D. Napoli*
Michael D. Napoli

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel and parties of record.

*/s/ Michael D. Napoli*
Michael D. Napoli